IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| John Baccus, | C/A No. 8:18-cv-1880-JFA-JDA |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| Brian P. Stirling; Department of Corrections; N.C. Marachant; T. Conwell; Scott Lewis; Alan M. Wilson; David C. Norton; and Bristow Marchant, | |
| Defendants. | |

## I. INTRODUCTION

The *pro se* Plaintiff, John Baccus, brings this action under 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff is an inmate in the South Carolina Department of Corrections ("SCDC") and is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. For relief, Plaintiff seeks compensatory and punitive damages.

After reviewing the pleadings, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this matter should be summarily dismissed without issuance and service of process. The Magistrate Judge also opines that Plaintiff's Motion to be Relocated, (ECF No. 4), Plaintiff's Motion for Emergency Injunction, (ECF No. 28), and Plaintiff's Motion to Appoint Counsel, (ECF No. 29), be denied as moot. (ECF No. 33). The Magistrate Judge suggests that this action should be summarily dismissed without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

issuance and service of process because: (1) Plaintiff's claims are duplicative; (2) Plaintiff fails to state a claim for relief; (3) Defendants South Carolina Department of Corrections, Brian P. Stirling, Alan M. Wilson, David C. Norton, and Bristow Marchant are each entitled to dismissal from this action because they are not amenable to suit under §1983; and (4) this action should also be dismissed under Fed. R. Civ. Proc. Rule 41 because Plaintiff has failed to bring his case into proper form after being given multiple chances to do so. (ECF No. 33).

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on November 5, 2018, (ECF No. 36), and supplemental objections on November 9, 2018, (ECF No. 38). Thus, this matter is ripe for review.

## II.  STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)).

A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III.  DISCUSSION

Plaintiff has presented no arguments that could be considered a specific objection to the Report. The vast majority of Plaintiff's objections rehash and supplement the allegations in his complaint and other motions he has filed with this Court. Plaintiff merely repeats arguments from his complaint (ECF No. 1), his Motion to be Relocated, (ECF No. 4), his Motion for Emergency Injunction, (ECF No. 28), and his Motion to Appoint Counsel, (ECF No. 29), which the Magistrate addresses fully in her Report (ECF No. 33). The Court reiterates it need only review those portions of the Report to which Plaintiff has made a specific objection

First, from what the Court has attempted to decipher, Plaintiff attempts to object by stating the general and conclusory statement that Defendants are not entitled to qualified immunity. Plaintiff states: "And Defendants violated black Plaintiff's right to be free from "RETALIATION". . . involving white defendants "ABUSE OF THEIR JUDICIAL POWER," and

thus was not entitled to 'QUALIFIED IMMUNITY[.]'" (ECF No. 36 p. 1; ECF No. 38 p. 1). Although Plaintiff states that Defendants do not have qualified immunity, he simply rehashes arguments made in his complaint and does not direct the court to a specific error in the Magistrate's proposed findings and recommendations. Again, general and conclusory objections that do not direct the Court to a specific error in the Magistrate's proposed findings and recommendations are not specific objections and do not warrant *de novo* review.

Additionally, Plaintiff continually repeats the same arguments from his complaint and prior motions that he was labeled as a "routine criminal" and "priority high" offender, (ECF No. 36 ps. 2–3, 5, 7). Next, Plaintiff repeats arguments regarding why he did not bring his case in proper form and attaches a copy of his prior Motion to Appoint Counsel filed with this Court on September 24, 2018, (ECF No. 29), which the Magistrate Judge fully addresses in her Report. (ECF No. 36 ps. 3–5).

Further, Plaintiff states general and conclusory statements in an attempt to explain why he did not bring his case in proper form. Plaintiff states: "That Plaintiff who is black (wrongfully indicted, convicted, incarcerated), lacks the capacity to investigate, prepare, put into proper form or present it effectively while under the custody and control of Defendants." (ECF No. 36 p. 4). Plaintiff previously raised this argument in his Motion to Appoint Counsel. (ECF No. 29). It appears that Plaintiff is again rehashing his argument that he could not bring his case in proper form because he did not have a copy of his complaint. Although this rehash is not a specific objection, in any event, the docket reveals that on August 28, 2018, the Clerk sent Plaintiff a copy of his original complaint. Thus, Plaintiff repeats arguments made in his complaint and prior motions filed with this Court; however, he does not point to any specific error in the Report.

Lastly, in his supplemental objections, Plaintiff cites to legal authorities without providing the Court with facts to connect the authorities to the present case. (ECF No. 38 p. 2). Plaintiff's paragraph of citations to legal authorities, with no explanation, does not constitute a specific objection.

It appears that Plaintiff does not mention or object to the Magistrate Judge's recommendation that Plaintiff's Motion to be Relocated, (ECF No. 4), Plaintiff's Motion for Emergency Injunction, (ECF No. 28), and Plaintiff's Motion to Appoint Counsel, (ECF No. 29), be denied as moot.

In sum, repetitions of prior arguments the Magistrate Judge has already addressed and citations to legal authority are not enough to constitute a specific objection. *See Workman*, 2017 WL 4791150, at *1; *Orpiano*, 687 F.2d at 47. In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the Magistrate Judge's recommendation. *See Camby*, 718 F.2d at 199. Thus, Plaintiff's objections are not specific and do not warrant *de novo* review.

IV. **CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, the Report, and the objection thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference. Accordingly, this Court **adopts** the Magistrate Judge's Report and Recommendation. (ECF No. 33). Accordingly, this action is **dismissed** with prejudice and without issuance and service of process. Further, Plaintiff's Motion to be Relocated, (ECF No. 4), Plaintiff's Motion for Emergency Injunction, (ECF No. 28), and Plaintiff's Motion to Appoint Counsel, (ECF No. 29), are **denied** as moot.

IT IS SO ORDERED.

February 28, 2019  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge