IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| John Baccus, | C/A No. 8:18-cv-1880-JFA-JDA |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| Brian P. Stirling; Department of Corrections; N.C. Marachant; T. Conwell; Scott Lewis; Alan M. Wilson; David C. Norton; and Bristow Marchant, | |
| Defendants. | |

## I. INTRODUCTION

The *pro se* Plaintiff, John Baccus, initially commenced this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. Plaintiff is an inmate in the South Carolina Department of Corrections ("SCDC") and is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. This Court previously dismissed Plaintiff's Complaint with prejudice on February 28, 2019. (ECF No. 45). However, Plaintiff subsequently filed a motion for emergency injunction on March 7, 2019. (ECF No. 49). This matter was referred back to the Magistrate Judge who has prepared a Report and Recommendation. (ECF No. 52).

After reviewing the motion, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this motion should be denied. The Magistrate Judge suggests that this motion should be dismissed because Plaintiff failed to

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

allege the necessary elements for injunctive relief articulated in *Winter v. Nat. Res. Def. Council, Inc.*, 55 U.S. 7 (2008).

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. Plaintiff filed objections to the Report on April 5, 2019. (ECF No. 59). Thus, this matter is ripe for review.

## II.    STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

Plaintiff has presented no arguments that could be considered a specific objection to the Report. Similar to the objections Plaintiff filed to the Magistrate Judge's initial Report and Recommendation suggesting dismissal of Plaintiff's Complaint, the vast majority of Plaintiff's objections rehash and supplement the allegations in his complaint, other motions he has filed with this Court, and objections to the prior Report. Plaintiff merely repeats arguments from his complaint (ECF No. 1), his Motion to be Relocated, (ECF No. 4), his Motion for Emergency Injunction, (ECF No. 28), his Motion to Appoint Counsel, (ECF No. 29), along with objections (ECF No. 36), and supplemental objections (ECF No. 38) to the Magistrate Judge's initial Report (ECF No. 33). All of these arguments were addressed in this Court's prior Order dismissing this action with prejudice. (ECF No. 45). The Court reiterates it need only address those portions of the Report to which Plaintiff has made a specific objection.

Plaintiff's objections contain fifteen numbered paragraphs that include various grievances which are difficult to understand. Plaintiff's first paragraph states he is being deterred from responding to the Report due to the seizures of "legal boxes, mesh bag materials, and some personal property" when he was placed in segregation. (ECF No. 59 ¶ 1). The second paragraph "seeks to have the [Rules . . .] related to his claims of [abuse] rescinded and Defendants to stop the

abuses . . ." (brackets in original). *Id.* at ¶ 2. The third and fourth paragraphs appear to state that Plaintiff's complaint was improperly dismissed as it was a "complaint for declaratory judgment." *Id.* at ¶ 4. Paragraphs five, six, nine, ten, eleven, and twelve appear to object to Magistrate Judge Jacquelyn Austin's handling of this proceeding and prior recommendation of dismissal. *Id.* at ¶ 5 ("U.S. Magistrate Jacquelyn D. Austin erred by dismissing Plaintiffs claims . . . because he is black."). Paragraphs seven and eight simply state "Plaintiff clear challenges to the legality of Defendants' Rules itself and not its application to his individual circumstances" and "Defendants denial of Plaintiff's grievances challenging agency rules and actions." *Id.* at ¶¶ 7-8. Paragraphs thirteen, fourteen, and fifteen, although difficult to follow, appear to rehash the same arguments presented in Plaintiff's original complaint and objections to the initial Report recommending dismissal. *Id.* at ¶ 13 ("Petitioner was prosecuted convicted incarcerated without due process"); *Id.* at ¶ 14 ("This Plaintiffs Writ of Habeas Corpus in conjunction with this Section 1983 . . . did not provide a remedy against the Klu Klux Klan"); *Id.* at ¶ 15 ("The State of South Carolina Criminal Justice System . . . have denied to black persons Plaintiff John Baccus . . . equal protection of the laws").

None of these general and conclusory objections direct the Court to a specific error in the Magistrate's proposed findings and recommendations and are therefore not specific objections which would warrant *de novo* review. Nowhere in Plaintiff's objections does he reference or cite to the Magistrate Judge's reasoning for requesting dismissal of his motion for emergency injunction. He does however cite to the Magistrate Judge's prior report recommending dismissal of the complaint. (ECF No. 59 ¶ 12). Accordingly, he fails to direct the court to a specific error in the Report at issue.

In sum, a majority of Plaintiff's "objections" have already been addressed in the prior proceedings and the Court's Order dismissing the complaint with prejudice. Accordingly, repetitions of prior arguments the Magistrate Judge has already addressed and citations to legal authority are not enough to constitute a specific objection. *See Workman*, 2017 WL 4791150, at *1; *Orpiano*, 687 F.2d at 47. In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the Magistrate Judge's recommendation. *See Camby*, 718 F.2d at 199. Thus, Plaintiff's objections are not specific and do not warrant *de novo* review.

IV. **CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, the Report, and the objection thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. The Report is incorporated herein by reference. Accordingly, this Court **adopts** the Magistrate Judge's Report and Recommendation. (ECF No. 52). Consequently, the motion for emergency injunction (ECF No. 49) is **dismissed**.

IT IS SO ORDERED.

September 3, 2019
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge